IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH KANWISHER, | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) 1:21-cv-01039-MHC-WEJ |
| | ) |
| vs. | ) |
| | ) |
| FRANKLIN COLLECTION SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### FRANKLIN COLLECTION SERVICE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Franklin Collection Service, Inc (hereinafter referred to herein as "Franklin Collection" and "Defendant"), the Defendant in the above-referenced action and files this Answer and Affirmative Defenses in response to the Plaintiff's Complaint as follows:

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Franklin Collection upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing, including, among other reasons, because Plaintiff has not suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical.

## THIRD AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations or violate the doctrine of laches, such claims are time-barred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were the result of an intervening or superseding cause or the acts or omissions of third parties over which this Defendant had no responsibility or control, and/or who were acting beyond the scope or supervision of this Defendant, and for whom Franklin Collection is not responsible and may not be held liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Fair Debt Collection Practices Act claims are brought in bad faith and for the purpose of harassment.

## SIXTH AFFIRMATIVE DEFENSE

Any act or omission by Franklin Collection, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was

the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Franklin Collection would have no liability pursuant to 15 U.S.C. § 1692k(c).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## RESERVATION OF DEFENSES

Franklin Collection reserves the right to assert additional defenses as discovery progresses.

Defendant requests alternatively that should the proof show that it is entitled to relief under the provisions of Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. 1692k(a)(3) or 28 U.S.C. 1927, that such relief as is warranted be awarded by this court.

In response to the individually numbered paragraphs contained in Plaintiff's Complaint, Franklin Collection states as follows:

## NATURE OF ACTION

1. Franklin Collection admits that Plaintiff is attempting to assert claims against it under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

Defendant denies having violated the Fair Debt Collection Act and denies that Plaintiff is entitled to any of the damages, costs, and other relief sought in the Complaint.

## JURISDICTION AND VENUE

2. Franklin Collection Service admits only that Plaintiff is attempting to assert claims against it under the Fair Debt Collection Practices Act and that these claims raise federal questions.

3. The statement contained in Paragraph 3 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 3 is construed to contain any factual allegation directed against Defendant, such allegation is denied.

## PARTIES

4. The statement contained in Paragraph 4 of the Complaint relates to multiple legal conclusions to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 4 is construed to contain any factual allegation directed against Defendant, Franklin Collection lacks knowledge or information sufficient to form a belief as to same.

5. Responding to the allegations of Paragraph 5 of the complaint, Defendant moves pursuant to Rule 12(f) to strike any unnecessary and immaterial averment.  This Defendant admits that it is a corporation organized pursuant to the laws of Mississippi with its principal place of business in Tupelo, Mississippi, which may be served through its registered agent for service of process.  This Defendant denies that it collects "upon" consumers located in the State of Georgia, but does admit that it collects consumer debts as permitted by applicable law from residents of the State of Georgia.

6. The statement contained in Paragraph 6 of the Complaint relates to multiple legal conclusions to which Franklin Collection is under no known obligation to respond.  To the extent any response is required and to the extent Paragraph 6 is construed to contain any factual allegation directed against Defendant, Franklin Collection lacks knowledge or information sufficient to form a belief as to same.

## FACTS SUPPORTING CAUSES OF ACTION

7. Franklin Collection admits only that it attempted to collect an unpaid DirecTV account alleged to be owed by Plaintiff.

8. Franklin Collection admits only that an unpaid DirecTV account alleged to be owed by Plaintiff was placed it for collection.

9. The allegations of Paragraph 9 of the complaint are denied as stated. It is admitted that Defendant made its first attempt to reach Plaintiff by telephone on or about August 10, 2020.

10. Franklin Collection lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint.

11. This Defendant admits that it called plaintiff from the number (877) 354-9845, but demands strict proof of the remaining unspecified allegations.

12. The allegations of Paragraph 12 of the Complaint are admitted.

13. The allegations of Paragraph 13 of the Complaint are denied as stated. This defendant admits transmission of correspondence to the Plaintiff, advising that it was seeking to collect a debt on behalf of a specific creditor.

14. The allegations set forth in Paragraph 14 of the Complaint are denied.

15. The allegations set forth in Paragraph 15 of the Complaint are denied.

16. The allegations set forth in Paragraph 16 of the Complaint are denied.

17. The allegations set forth in Paragraph 17 of the Complaint are denied.

18. The allegations set forth in Paragraph 18 of the Complaint are denied.

19. The allegations set forth in Paragraph 19 of the Complaint are denied.

20. The allegations set forth in Paragraph 20 of the Complaint are denied.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Franklin Collection restates and realleges each of its preceding responses and affirmative defenses as though restated in full herein.

22. The statement contained in Paragraph 22 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond.  To the extent any response is required and to the extent Paragraph 22 is construed to contain any factual allegation directed against Defendant, lacks knowledge or information sufficient to form a belief as to whether Plaintiff meets the definition "consumer" as defined by §1692a(3) of the Fair Debt Collection Practices Act.

23. The statement contained in Paragraph 23 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond.  To the extent any response is required and to the extent Paragraph 23 is construed to contain any factual allegation directed against Defendant, lacks knowledge or information sufficient to form a belief as to whether it meets the definition "debt collector" as defined by §1692a(6) of the Fair Debt Collection Practices Act.

24. The allegations of Paragraph 24 of the Complaint are denied.  This Defendant admits to collection of consumer debts pursuant to the provisions of the Fair Debt Collection Practices Act.  Otherwise, the allegations regarding debt

collection are denied. The allegations regarding this Defendant's membership in ACA International is admitted.

25. The statement contained in Paragraph 25 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 25 is construed to contain any factual allegation directed against Defendant, lacks knowledge or information sufficient to form a belief as to whether the account at issue meets the definition of "debt" as defined by §1692a(5) of the Fair Debt Collection Practices Act.

26. The statement contained in Paragraph 26 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 26 is construed to contain any factual allegation directed against Defendant, such allegation is denied.

27. The allegations set forth in Paragraph 27 of the Complaint are denied.

28. The allegations of Paragraph 28 of the Complaint are denied, except for one (1) occasion on October 12, 2020. This Defendant denies the remaining allegations of Paragraph 28 and specifically denies conduct that was in any manner inconvenient or harassing as alleged in the complaint.

29. The statement contained in Paragraph 29 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 29 is construed to contain any factual allegation directed against Defendant, such allegation is denied.

30. The statement contained in Paragraph 30 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 30 is construed to contain any factual allegation directed against Defendant, such allegation is denied.

31. The allegations set forth in Paragraph 31 of the Complaint are denied.

32. The statement contained in Paragraph 32 of the Complaint relates to a legal conclusion to which Franklin Collection is under no known obligation to respond. To the extent any response is required and to the extent Paragraph 32 is construed to contain any factual allegation directed against Defendant, such allegation is denied.

33. The allegations set forth in Paragraph 33 of the Complaint are denied.

34. The allegations set forth in Paragraph 34 of the Complaint are denied.

35. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Franklin Collection Service, Inc. prays that the Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

This 17th day of May, 2021.                    Respectfully submitted,

                                                     BEDARD LAW GROUP, P.C.

                                                     /s/ Michael K. Chapman
                                                     Michael K. Chapman
                                                     Georgia Bar No. 322145
                                                     John H. Bedard, Jr.
                                                     Georgia Bar No. 043473

                                                     *Attorneys for Defendant,*
                                                     *Franklin Collection Service, Inc.*

Bedard Law Group, P.C.
4855 River Green Parkway, Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
E-mail: mchapman@bedardlawgroup.com
E-mail: jbedard@bedardlawgroup.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 17th day of May, 2021.　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　BEDARD LAW GROUP, P.C.

　　　　　　　　　　　　　　　　　/s/ Michael K. Chapman
　　　　　　　　　　　　　　　　　Michael K. Chapman
　　　　　　　　　　　　　　　　　Georgia Bar No. 322145

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENNETH KANWISHER, | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) 1:21-cv-01039-MHC-WEJ |
| | ) |
| vs. | ) |
| | ) |
| FRANKLIN COLLECTION SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed this, Franklin Collection Service, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint, using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Matthew T. Berry
matt@mattberry.com

This 17th day of May, 2021.        Respectfully submitted,

                                   BEDARD LAW GROUP, P.C.

                                   /s/ Michael K. Chapman
                                   Michael K. Chapman
                                   Georgia Bar No. 322145